**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ENAM AHMED, on behalf of himself and on behalf of other similarly-situated individuals,

                    Plaintiff,

          v.

DAVID BOULEY LLC,

                    Defendant.

Docket No. 17-CV-2189

**COMPLAINT**

**JURY TRIAL DEMANDED**

          Plaintiff Enam Ahmed ("Plaintiff"), by and through his attorneys at the Filosa Law Firm, PLLC, as and for his Complaint in this action against Defendant David Bouley LLC ("Defendant" or "Bouley," or the "Company") alleges upon personal knowledge and upon information and belief as to other matters as follows:

### NATURE OF THE CLAIMS

          1.          Defendant is a limited liability company owned and operated by Chef David Bouley that operates a number of restaurants and event spaces in New York City, including, but not limited to, the following: Bouley Restaurant, Bouley Test Kitchen, and Bouley Botanical. Plaintiff is a former food service employee of Defendant that worked for Defendant at these restaurants and events spaces. During the course of Plaintiff's employment with Defendant, Defendant failed to comply with the Fair Labor Standards Act's ("FLSA") and New York Labor Law's ("NYLL") minimum wage, overtime, and/or wage statement requirements.

          2.          Defendant's violations of the FLSA and NYLL applied equally to Plaintiff and all other similarly situated food service employees. Thus, Plaintiff brings his claims as both a collective action pursuant to the FLSA and a class action pursuant the NYLL.

3.      Plaintiff brings this collective and class action to recover (i) minimum wage and overtime compensation that Defendant failed to pay Plaintiff and the members of the proposed classes pursuant to the FLSA and NYLL, (ii) statutory damages related to Defendant's failure to provide Plaintiff and similarly situated employees with accurate wage statements and notices required by NYLL § 195, and (iii) statutory damages related to the Defendant's failure to provide Plaintiff and similarly situated employees with uniform maintenance pay required by the NYLL.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is brought under the FLSA. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the wage violations that gave rise these claims primarily occurred in this District.

6.      Plaintiff's claims are properly consolidated as a single action because their claims involve the same Defendant, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

## THE PARTIES

7.      Plaintiff Enam Ahmed resides in Queens County, New York. Plaintiff was employed by Defendant as a "Runner" from June 2010 through September 2016. At all relevant times, Plaintiff Ahmed was an "employee" within the meaning of the FLSA and NYLL.

8.      Defendant David Bouley LLC is a domestic limited liability corporation organized and existing under the laws of the State of New York with its principal place of business located at 88 W. Broadway, New York, New York 10007. At all relevant times, Defendant was an "employer" within the meaning of the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

9.     Plaintiff brings this action on behalf of himself and other employees similarly situated, as authorized under 29 U.S.C. § 216(b).  The similarly-situated employees that Plaintiff seeks to represent for purposes of the FLSA collective action are defined as follows:

> **FLSA Collective Action:** All persons who are or have been employed by Defendant as a tipped food service employee (including, but not limited to, any individuals employed by Defendant as Captain, Server, Front Waiter, Assistant, Busser, Runner, Barista, or other similar food service position) at any location operated by Defendant anywhere in the United States from three (3) years prior to this action's filing date through the date of the final disposition of this action.

10.     Defendant employed Plaintiff and the members of the FLSA Collective Action during the time period relevant to the FLSA Collective Action and paid them a reduced minimum wage by claiming a tip credit; however, Defendant failed to comply with the FLSA's tip credit requirements and, as a result, Defendant was not permitted to pay Plaintiff and the members of the FLSA Collective Action a reduced minimum wage. Thus, Defendant failed to pay Plaintiff and the members of the FLSA Collective Action the minimum wage and overtime compensation required by the FLSA.

11.     Specifically, Defendant failed to comply with the FLSA's tip credit requirements in the following ways: (i) through at least the end of 2014, Defendant required Plaintiff and the members of the FLSA Collective Action to contribute to a tip pooling arrangement that included non-service employees, and (ii) Defendant failed to provide Plaintiff and the members of the FLSA collective action with the notice required by the FLSA before Defendant claimed the tip credit.

12.     During the FLSA Collective Action Period (defined as three (3) years prior to this action's filing date through the date of the final disposition of this action), upon information and

belief, Defendant employed more than one hundred (100) employees who fall within the definition of the FLSA Collective Action.

13.     At all relevant times, Plaintiff and the members of the proposed FLSA Collective Action were similarly situated with respect to the alleged violation of the FLSA in that Plaintiff and the members of the proposed FLSA Collective Action were affected by Defendant's common policies or practices that failed to comply with the FLSA's tip credit requirements in the exact same manner.

14.     As a result of Defendant's practices as alleged herein, Defendant violated the FLSA by not paying Plaintiff and the members of the FLSA Collective Action the minimum regular and overtime wages required by the FLSA.

15.     Defendant meets the definition of an "employer" under the FLSA and an enterprise engaged in commerce as defined by FLSA § 203(d), (r), and (s).

16.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Action members.

17.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective Action members and, as such, notice should be sent to the FLSA Collective Action members. There are potentially more than 100 similarly situated current and former employees of Defendant who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly situated individuals are known to Defendant and are readily identifiable through Defendant's records.

## CLASS ACTION ALLEGATIONS

18.     Plaintiff also brings this action as a class action pursuant to Rule 23 of the Federal

Rules of Civil Procedure on behalf of the following defined class:

> **New York Class:**  All persons who are or have been employed by
> Defendant as a tipped food service employee (including, but not limited
> to, any individuals employed by Defendant as a Captain, Server, Front
> Waiter, Assistant, Busser, Runner, Barista, or other similar food service
> position) at any location operated by Defendant anywhere in the United
> States from six (6) years prior to this action's filing date through the date
> of the final disposition of this action.

19.     At all times during the time period relevant to the New York Class, Defendant, as

a matter of policy or practice, (i) claimed a tip credit against Plaintiff's and the members of the

New York Class's minimum wage compensation without complying the requirements of the

NYLL, (ii) improperly calculated the tip credit overtime rate and, as a result, paid Plaintiff and

the member of the New York Class a tip credit overtime rate that was less than the minimum tip

credit overtime rate permitted under the NYLL, (iii) failed to provide Plaintiff and the members

of the New York Class with the wage notice required by NYLL § 195(1), (iv) failed to furnish

Plaintiff and the members of the New York Class with correct and accurate wage statements as

required by NYLL § 195(3), and (v) failed to comply with the NYLL's uniform maintenance pay

requirements.

20.     The facts as alleged in Paragraphs 9 to 17 with respect to the FLSA Collective

Action are similarly true for the New York Class during the time period relevant to the New

York Class.

21.     Defendant failed to provide Plaintiff and the members of the New York Class

with the pay notice required by NYLL § 195(1) at the outset of their employment.

22.     Defendant failed to furnish Plaintiff and the New York Class members with accurate wage payment statements, in violation of NYLL § 195(3) and supporting New York State Department of Labor regulations.

23.     Numerosity: The proposed New York Class is so numerous that joinder of all members is impracticable. Upon information and belief, during the relevant time period, Defendant employed over one hundred (100) individuals who fall within the New York Class and thus satisfy the numerosity definition of the proposed New York Class.

24.     Typicality: Plaintiff's claims are typical of the members of the proposed New York Class.  During the New York Class period, Defendant subjected Plaintiff and the members of the New York Class to the same policy and practice of (i) failing to pay them minimum wage and overtime compensation required by the New York Hospitality Industry Wage Order ("Wage Order"), N.Y.C.R.R. § 146-1.1, et seq., (ii) failing to provide them with the pay notice required by the NYLL, (iii) failing to provide them with correct and accurate wage statements required by the NYLL, and (iv) failing to comply with the Wage Order's uniform maintenance pay requirements.

25.     Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Certification of the New York Class claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to the claims of Plaintiff and New York Class.

26.     Adequacy: Plaintiff will fairly and adequately protect the interests of the proposed New York Class and have retained counsel experienced in FLSA and NYLL class and collective action litigation.

27.     <u>Commonality</u>: Common questions of law and fact exist with respect to all members of the proposed New York Class that predominate over any questions solely affecting individual members of the proposed New York Class, including but not limited to:

a.      Whether Defendant employed Plaintiff and the members of the New York Class within the meaning of New York law;

b.      Whether Defendant violated the NYLL as alleged herein;

c.      Whether Defendant unlawfully failed to pay the applicable minimum wage to members of the New York Class in violation of the NYLL;

d.      Whether Defendant unlawfully failed to pay appropriate overtime compensation to members of the New York Class in violation of NYLL;

e.      Whether Defendant complied with the NYLL's uniform maintenance pay requirements;

f.      Whether Defendant failed to comply with the pay notice requirements of NYLL § 195(1);

g.      Whether Defendant failed to comply with the wage statement requirements of NYLL § 195(3).

h.      Whether Defendant should be enjoined from continuing the practices that violate the NYLL;

i.      What the proper measure of damages sustained by the New York Class are; and

j.      Whether Defendant's actions were "willful."

28.     The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class could result in inconsistent

or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

29.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's common and uniform policies and practices denied the New York Class the wages to which they are entitled. The damages suffered by the New York Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant' practices.

30.     Plaintiff intends to send notice to all members of the New York Class to the extent required by Rule 23.  The names and addresses of the New York Class are available from Defendant.

## INDIVIDUAL FACTUAL ALLEGATIONS

### Plaintiff Enam Ahmed

31.     Defendant employed Plaintiff as a "Runner" at Defendant's Bouley Restaurant.

32.     In addition to work at Bouley Restaurant, Plaintiff also worked for Defendant at private events held at the Defendant's Bouley Test Kitchen and Bouley Botanical locations.

33.     At the time that Defendant hired Plaintiff, Defendant failed to provide Plaintiff with the written notice of his rate of pay and regular payday as required by NYLL § 195(1).

8

34.     During the course of his employment, Defendant paid Plaintiff a regular hourly rate that was consistent with the minimum amount permitted by the NYLL for tipped employees. Specifically, from the start of his employment though December 31, 2015, Defendant paid Plaintiff a cash wage of $5.00 per hour. From January 1, 2016 through the end of his employment in September 2016, Defendant paid Plaintiff a cash wage of $7.50 per hour.

35.     However, through at least 2014, Defendant failed to pay Plaintiff the minimum wage for Plaintiff's overtime hours.

36.     Specifically, through at least 2014, Defendant miscalculated the minimum tip credit overtime permitted by the NYLL and paid Plaintiff an overtime rate of $7.50 per hour. While this rate was 1.5 times the tip credit minimum wage, the Wage Order requires employers to calculate the overtime rate by multiplying the minimum wage rate by 1.5, *then* subtracting the tip credit.

37.     For example, prior to December 31, 2013, the Wage Order[1] permitted employers to claim a tip credit up to $2.25 per hour; thus the NYLL minimum tip credit overtime rate was $8.625 per hour (or [$7.25 x 1.5] - $2.25). Thus, Defendant failed to pay Plaintiff the correct overtime minimum wage.

38.     Defendant also failed to comply with the following requirements for claiming a tip credit pursuant to the FLSA and/or the NYLL:

        a.      Defendant required Plaintiff to participate in a tip pooling arrangement, however, this tip pooling arrangement was not a valid tip pool under the FLSA and NYLL because Defendant permitted non-service employees to participate in the tip pool. Specifically,

---

[1]     Because the FLSA permits employers to claim a tip credit up to $5.13 per hour, Plaintiff does not allege that Defendant's miscalculation of the tip credit overtime rate violated the FLSA's minimum wage or overtime requirements; however, as outlined above, Plaintiff does allege that Defendant failed to comply with other requirements of claiming a tip credit under the FLSA.

through at least 2014, Defendant permitted "Expediters" – *i.e.*,  back of the house employees that had no interaction with customers – to participate in the tip pool. Thus, Defendant cannot claim a tip credit under either the FLSA or NYLL.

b.      Defendant failed to provide Plaintiff with notice that Defendant would be paying Plaintiff a reduced minimum wage and claiming a tip credit – and certainly not the written notice provided by the NYLL. Defendant's failure to provide this notice also disqualifies Defendant from the benefit of claiming the tip credit.

39.      Because Defendant improperly calculated Plaintiff's minimum tip credit overtime rate of pay, the wage statements that Defendant issued to Plaintiff were incomplete and inaccurate, in violation of NYLL § 195(3), and Defendant failed to maintain accurate payroll records, in violation of NYLL § 195(4).

40.      Throughout the course of his employment, Defendant required Plaintiff to wear a specific uniform consisting of a purple shirt and tie and black pants, clothing which was not clothing that Plaintiff would wear as part of his ordinary wardrobe.

41.      Defendant did not maintain Plaintiff's uniform for him, instead, Plaintiff was required to wash, iron, repair and/or perform other required maintenance on his uniform, including purchase replacements, and Defendant failed to provide Plaintiff with the uniform maintenance pay required by the Wage Order.

**FIRST CAUSE OF ACTION**
**(Violation of the FLSA's Minimum Wage and Overtime Requirements)**

42.      Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

43.      As outlined above, during the relevant time period, Defendant's practices violated the provisions of the FLSA regarding payment of a minimum wage to Plaintiff and the members

of the FLSA Collective Action by, among other things, failing to pay them the applicable

minimum wage for all hours worked by claiming a tip credit without complying with the

requirements of the FLSA with respect to claiming such a tip credit.

44.    Accordingly, Plaintiff and the members of the FLSA Collective Action are

entitled to the difference between the wages paid by Defendant and the FLSA minimum wage as

damages for Defendant's violations of the FLSA's minimum wage provisions.

45.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA,

within the meaning of 29 U.S.C §§ 216(b) and 255(a).

46.    Plaintiff and the members of the FLSA Collective Act seek recovery of their

attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b),

and such other legal and equitable relief as the Court deems just and proper.

### SECOND CAUSE OF ACTION
**(Violation of the NYLL's Minimum Wage and Overtime Requirements)**

47.    Plaintiff alleges and incorporates by reference the allegations in the preceding

paragraphs.

48.    As outlined above, during the relevant time period, Defendant's practices violated

the provisions of the NYLL regarding payment of a minimum wage to Plaintiff and the members

of the New York Class by, among other things, failing to pay them the applicable minimum

wage for all hours worked by claiming a tip credit without complying with the requirements of

the NYLL with respect to claiming such a tip credit.

49.    Accordingly, Plaintiff and the members of the New York Class are entitled to the

difference between the wages paid by Defendant and the NYLL minimum wage as damages for

Defendant's violations of the NYLL's minimum wage provisions.

50.     The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis, within the meaning of NYLL § 198, and as a result Plaintiff and the members of the New York Class are entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

51.     Plaintiff and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendant, as provided by the NYLL.

**THIRD CAUSE OF ACTION**
**(NYLL: Failure to Furnish Wage Statements)**

52.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs, as if fully set forth herein.

53.     During the relevant time period, Defendant failed to furnish Plaintiff and the members of the New York Class with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

54.     Defendant's violation of the NYLL was willful and, as a result, Defendant is liable to Plaintiff and the members of the New York Class in the amount of $5,000 for each violation.

55.     In addition to statutory penalties, Plaintiff and the members of the New York Class are entitled to recover from Defendant reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**(NYLL: Failure to Provide Pay Notice)**

56.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs, as if fully set forth herein.

57.     During the relevant time period, Defendant failed to furnish Plaintiff and the members of the New York Class with the pay notice required by NYLL § 195(1).

58.     Defendant's violation of the NYLL was willful and, as a result, Defendant is liable to Plaintiff and the members of the New York Class in the amount of $5,000 for each violation.

59.     In addition to statutory penalties, Plaintiff and the members of the New York Class are entitled to recover from Defendant reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### (NYLL: Failure to Provide Uniform Maintenance Pay)

60.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs, as if fully set forth herein.

61.     During the relevant time period, Defendant required Plaintiff and the members of the New York Class to clean and maintain their uniforms at their own expense, in violation of the Wage Order's uniform maintenance pay requirements.

62.     Defendant is liable to Plaintiff and the members of the New York Class in the weekly amount provided in the Wage Order during the applicable time period, plus reasonable attorneys' fees and costs of the action, plus pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all members of the proposed FLSA Collective Action and New York Class, pray for the following relief:

A.     That the Court finds Defendant to have violated the provisions of the New York Labor Law as to Plaintiff and the members of the New York Class;

B.     That the Court finds Defendant to have violated the Fair Labor Standards Act as to Plaintiff and the members of the FLSA Collective Action;

C.     That the Court determines that this action may proceed as a collective action pursuant to 29 U.S.C. § 216(b);

D.     That the Court determines that this action may proceed as a class action pursuant to Fed. R. Civ. P. 23.

E.     That the Court determine that Defendant's violations were willful;

F.     An award to Plaintiff and the members of the FLSA Collective Action and New York Class for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

G.     An award of liquidated damages in an amount to be determined at trial pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

H.     An award of liquidated damages pursuant to the NYLL;

I.     That Court find that Defendant must cease and desist from unlawful activities in violation of the FLSA and NYLL;

J.     An award of reasonable attorneys' fees and costs pursuant to the NYLL and 29 U.S.C. § 216 and/or other applicable law; and/or

K.     Any such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues so triable.

Dated: March 27, 2017

FILOSA LAW FIRM, PLLC

By:  _____
Gregory N. Filosa (GF-5680)

111 John Street, Suite 2510
New York, NY  10038
Tel.:   (212) 256-1780
Fax.:   (212) 256-1781
gfilosa@filosalaw.com

COUNSEL FOR PLAINTIFF AND THE
PROPOSED CLASSES