# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and General Release (the "Agreement") is made and entered into by and among Enam Ahmed ("Ahmed" or "Plaintiff"), (collectively referred to as "Ahmed" or "Plaintiff"), and David Bouley LLC ("Bouley," the "Company," or "Defendant") (Bouley and Ahmed are collectively referred to herein as "the Parties").

WHEREAS, Plaintiff is a former employee of the Company;

WHEREAS, Plaintiff filed a complaint against the Company alleging claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") (the "Complaint"), which was captioned as *Ahmed v. David Bouley LLC*, No. 17 Civ. 2189 (LTS) (AJP) (the "Lawsuit");

WHEREAS, the Parties understand and agree that Defendant denied each and every allegation contained in the Complaint filed by Plaintiff;

WHEREAS, the Parties freely and voluntarily desire to fully and finally resolve and settle all claims that Plaintiff has, had, or may have against Defendant, including, but not limited to, all claims and issues that were or could have been raised in the Lawsuit, including any and all claims for unpaid wages, damages, liquidated damages, or attorneys' fees;

WHEREAS, the Parties agree that the amount set forth herein for attorneys' fees, costs and expenses payable to Plaintiff's counsel is fair, reasonable and appropriate. The contentious nature of the litigation, the degree of difficulty and potential defenses, the amount of recovery, the risks of the litigation, the skill required, and the substantial time and effort expended by Plaintiff's counsel in litigating this matter, all support the attorneys' fee, costs and expenses set forth herein;

WHEREAS, the terms and conditions of this Agreement, including the general releases incorporated herein, have been explained to the Parties by their counsel;

NOW, THEREFORE, the Parties, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1. **Settlement Payment**. In exchange for the promises contained in this Agreement to resolve Plaintiff's claims alleged in the Lawsuit, Defendant agrees to pay Plaintiff $25,000 (the "Settlement Amount"), which shall be paid in the following manner:

    (a) Within ten (10) days of the entry of an Order dismissing the Lawsuit, Defendant will make the following payments to Plaintiff and his counsel by mailing the following to Plaintiff's attorney:

    i. One check payable to "Enam Ahmed" for alleged wage damages in the amount of $2,916.67, less lawful withholdings, to be reported on an IRS Form W-2;

    ii. One check payable to "Enam Ahmed" in the amount of $2,916.67 as payment for alleged liquidated damages and interest, to be reported on an IRS Form 1099;

    iii. One check payable to "Filosa Law Firm, PLLC," in the amount of $2,500.00 as payment for attorneys' fees and expenses, for which as IRS Form 1099 will be issued to Plaintiff's counsel.

  (b) Within forty-five (45) days of the entry of an Order dismissing the Lawsuit, Defendant will make the following payments to Plaintiff and his counsel by mailing the following to Plaintiff's attorney:

    i. One check payable to "Enam Ahmed" for alleged wage damages in the amount of $2,916.66, less lawful withholdings, to be reported on an IRS Form W-2;

    ii. One check payable to "Enam Ahmed" in the amount of $2,916.67 as payment for alleged liquidated damages and interest, to be reported on an IRS Form 1099;

    iii. One check payable to "Filosa Law Firm, PLLC," in the amount of $2,500.00 as payment for attorneys' fees and expenses, for which as IRS Form 1099 will be issued to Plaintiff's counsel.

  (c) Within ninety (90) days of the entry of an Order dismissing the Lawsuit, Defendant will make the following payments to Plaintiff and his counsel by mailing the following to Plaintiff's attorney:

    i. One check payable to "Enam Ahmed" for alleged wage damages in the amount of $2,916.66, less lawful withholdings, to be reported on an IRS Form W-2;

    ii. One check payable to "Enam Ahmed" in the amount of $2,916.67 as payment for alleged liquidated damages and interest, to be reported on an IRS Form 1099;

    iii. One check payable to "Filosa Law Firm, PLLC," in the amount of $2,500.00 as payment for attorneys' fees and expenses, for which as IRS Form 1099 will be issued to Plaintiff's counsel

  2. <u>Release of Claims</u>. In exchange for the promises made by Plaintiff above and in the other provisions of this Agreement:

  (a) Plaintiff, on behalf of himself and his agents, assignees, heirs, executors, administrators, beneficiaries, trustees and legal representatives, for and in consideration of the monies paid to him, and the other promises made to him by or on behalf of Defendant, as set forth in this Agreement, releases and forever discharges Defendant, and its current and former parents, subsidiaries, divisions, branches, assigns and affiliates and related companies or entities, and their respective predecessors, successors, insurers, employee benefits plans, and present and former directors, officers, partners, shareholders, fiduciaries representatives, agents, attorneys and employees from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, judgments, obligations, grievances, claims, charges, complaints and demands

whatsoever, in law or equity, known or unknown, asserted or unasserted, which against the Defendant, the Plaintiff (or his heirs, executors, spouse, administrators, successors, and/or assigns) may now have or hereafter can, shall, may have or may have had, for, upon or by reason of any matter, cause or thing whatsoever, including, but not limited to, claims arising under or pursuant to the United States Constitution, Sections 1981 through 1988 of Title 42 of the United States Code, 42 U.S.C. §§1981-1988, the Fair Labor Standards Act, the National Labor Relations Act, 29 U.S.C. §151 *et seq.*, the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended, the Civil Rights Act of 1991, Pub. L. No. 102-166, the Equal Pay Act of 1963, 29 U.S.C. §206(d), the Vocational Rehabilitation Act of 1973, 29 U.S.C. §701 *et seq.*, as amended, the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.*, the Occupational Safety and Health Act of 1970, 29 U.S.C. §651 *et seq.*, the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. §1161 *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*, the Older Workers Benefit Protection Act, the Sarbanes-Oxley Act of 2002, the Federal Fair Housing Act, 42 U.S.C. §3604 *et seq.*, the New York State Constitution and Amendments thereto; the New York State Human Rights Law, New York Executive Law, Art. 15 §290 *et seq.*, the New York Equal Pay Law, Labor Law §§194-198 *et seq.*, the New York Minimum Wage law, as amended, N.Y. Labor Law, Art. 19 §651 *et seq.*, the New York Occupational Safety and Health Laws, the Retaliation/Discrimination provision of the New York Workers' Compensation Law, the New York Non-Discrimination for Legal Activities law, N.Y. Labor Law §201-d, the New York Whistleblower Law, N.Y. Labor Law, §740 *et seq.*, New York State Labor Law §193, New York and federal Worker Adjustment and Retraining Notification Acts ("WARN"),The New York City Human Rights Law, N.Y. City Admin. Code, §8-107 *et seq.*, New York City Earned Sick Time Act, state and local human rights and/or discrimination laws, state and local wage and hour laws, state and local equal pay laws, state and local leave laws, state and local whistleblower laws, state and local unfair competition laws, and claims alleging discrimination or harassment or aider and abettor liability on the basis of pregnancy, age, race, color, gender (including sexual harassment), national origin, ancestry, disability, medical condition, genetic information, religion, sexual orientation, gender identity or expression, marital status, caregiver status, parental status, veteran status, source of income, entitlement to benefits, union activities, or any other status protected by local, state or federal laws, constitutions, regulations, ordinances or executive orders, and any and all health, welfare, and/or benefit plans or programs of the Company, including but not limited to claims of disability benefits and/or severance pay, and/or any other federal, state, city or local human rights, civil rights, wage-hour, wage-payment, pension, labor or other laws, rules and/or regulations, constitutions, ordinances, public policies, contracts (whether oral or written, express or implied) or tort law, or any other claims arising under any policy or procedure of the Company, or under common law, including but not limited to any claim for emotional distress or any claim for costs, fees, or other expenses including attorneys' fees or any other action based upon any conduct occurring from the beginning of the world up to and including the date of the execution of this Agreement. This release of claims is intended to be as broad as the law allows. Anything to the contrary notwithstanding, nothing herein shall release any claim that Plaintiff may have to (i) any right to enforce the Agreement, (ii) any right or claim that arises after the date of the Agreement, and (ii) any right that, by law, cannot be waived.

(b) Plaintiff shall withdraw, with prejudice, all complaints, suits, actions, charges, claims and/or other legal proceedings that he has instituted against Defendant including but not limited to Plaintiff's claims in the Lawsuit. Plaintiff affirms that he has not instituted any complaint, suit, action, charge or other legal proceeding against Defendant or the Releasees, other than the Lawsuit; except that Plaintiff may have filed a claim for unemployment insurance benefits following the termination of his employment with the Company.

(c) Except as may be prohibited by statute, Plaintiff shall not institute or be represented in, nor shall he submit or file, or permit to be submitted or filed on their behalf, any lawsuit, charge, claim, complaint, or other legal action or proceeding against the Company or the Releasees based upon any conduct occurring up to and including the date Plaintiff executes this Agreement, whether an individual action or a class or collective action, with any administrative agency, court or other forum, under any federal, state, city, local or other laws, rules, regulations, codes, or guidelines. After consultation with counsel, Plaintiff knowingly and voluntarily releases and forever discharges the Company and the Releasees of and from any and all claims, known or unknown, that he has or may have, consistent with the terms of the general release outlined in paragraph 2(a) above.

(d) Defendant hereby releases and forever discharges Plaintiff, his agents, assignees, heirs, executors, administrators, beneficiaries, trustees and legal representatives, from any and all claims, demands, causes of action, damages, losses, expenses, and liabilitiesthat Defendant has, had, or may have against Plaintiff, whether known or unknown, arising from the beginning of time through the date that the Defendant signs this Agreement.

(e) With respect to the claims that Plaintiff is releasing and waiving, he is releasing and waiving not only his right to recover money or other relief in any action that he might institute, but also he is releasing and waiving his right to recover money or other relief in any action that might be brought on his behalf by any other person or entity including, but not limited to, representative class or collective action plaintiff, the United States Equal Employment Opportunity Commission, the United States Department of Labor, the National Labor Relations Board, the New York State Department of Labor, or any other federal, state or local governmental agency or department. Plaintiff acknowledges and agrees that the released claims include any that have been or may hereafter be asserted on his behalf in any class or collective action relating to his employment and/or the termination of his employment with Defendant ("Class/Collective Action"). Accordingly: (a) Plaintiff waives any right to participate in any Class/Collective Action, including serving as a class representative or named plaintiff; and (b) Plaintiff waives any right to receive notice of any pending or resolved Class/Collective Action. In the event that Plaintiff is included or identified as a member or potential member of a class or collective in Class/Collective Action, he agrees to (i) opt out of such proceeding after learning of his inclusion by executing without objection or delay any opt out form presented to him, and/or (ii) not to opt in to such proceeding. Excluded from the release and waiver are any claims or rights which cannot be waived by law. Plaintiff is, however, waiving his right to recover any money in connection with such a charge or investigation. If a lawful subpoena to testify concerning Defendant before any entity is issued to Plaintiff, Plaintiff will immediately notify Defendant and provide the Company with a copy of the subpoena.

(f) For the purpose of implementing a full and complete release, the Parties expressly acknowledges that this Agreement resolves all legal claims either Plaintiff or Defendant may have against the other Party as of the effective date of this Agreement, including but not limited to claims the Parties did not know or suspect to exist in each Party's favor at the time of the effective date of this Agreement. The Parties hereby assume any and all risk of any mistake in connection with the true facts involved in the matters, disputes or controversies described in this Agreement or with regard to any facts which are now unknown to either Party.

3. Voluntary Nature of Agreement: By signing this agreement, the Parties agree that they have entered into this agreement voluntarily and without any duress or undue influence, and no party is relying on any promises or representations other than those described in this agreement. The Parties further acknowledge that they understand the contents of this agreement and its legal effect, that they have been given a reasonable period of time to review and consider this settlement agreement, and that they have signed this settlement agreement freely, knowingly, and voluntarily.

4. Other Acknowledgements and Agreements by Plaintiff. Plaintiff agrees that, with the payment of Settlement Amount, he is not entitled to any additional compensation as result of any work that he performed for Defendant, including minimum wages, overtime, and commissions, he has no accrued but unused vacation due to him, he is not aware of any on-the-job injury for which he has not already filed a workers' compensation claim, he has received any leave to which he was entitled during his employment, he has not been retaliated or discriminated against because he took a family or medical leave or any reason protected by law, and Defendant has not interfered with his ability to request or take such leaves;

5. Non-Admission of Liability. This Agreement shall not in any way be construed as an admission by Defendant of any violation of any right of Plaintiff. Defendant, for itself as well as its owners, subsidiaries, officers, affiliates, employees, agents and representatives, expressly deny violating any right of Plaintiff's based on federal, state or local law pertaining to employment or any other basis and expressly denies any liability to Plaintiff. The Parties acknowledge that this Agreement is meant to resolve a bona fide dispute between Plaintiff and Defendant as a result of work that Plaintiff performed for Defendant. Accordingly, while this Agreement resolves all issues and disputes between Plaintiff and Defendant, this Agreement compromises disputed claims and, as such, is not an admission by any party to the merits of such claims and this Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement.

6. Non-Participation. Pursuant to and as part of Plaintiff's release and discharge of the his claims against Defendant as set forth herein, Plaintiff agrees not to participate in any lawsuit, claim, arbitration, suit, action, class action, collective action, investigation or other proceeding of any kind which relates to any matter that involves Defendant or the Releasees, as set forth above in Paragraph 2(f), unless required to do so by court order, subpoena or other directive by a court, administrative agency, or unless required to enforce this Agreement.

7. <u>No Representations</u>. Plaintiff acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made to induce the execution of this Agreement.

8. **Notice and Right to Cure in Event of Failure to Make Settlement Payments**. If Defendant defaults in making the Settlement Payments due under this Agreement in the time set forth in paragraph 1 of this Agreement (a "Default"), Plaintiff's counsel shall provide a Notice of Default ("Notice") to Defendant's counsel by U.S. Mail and electronic mail to:

> Meister Seelig & Fein LLP
> 125 Park Avenue, 7th Floor
> New York, NY 10017
> jak@msf-law.com
> rcw@msf-law.com
> Attn:   Jeffrey A. Kimmel, Esq.
>         Racquel Crespi Weintraub, Esq.

Defendant shall have seven (7) business days from and including the date on which the Notice was received by e-mail, to cure the Default.

9. <u>Attorneys' Fees; Breach</u>. In the event of any Party's breach of any terms of this Agreement, the other Party may pursue any and all remedies allowable under state and federal law. Depending on the interpretation of applicable law, these remedies might include monetary damages, equitable relief, and recoupment of the consideration as set forth in Paragraph 1 of this Agreement. In the event that any party commences an action or files a motion with the Court enforce the provisions of this Agreement, the prevailing party in any such action shall be entitled to an award of its or his or her reasonable attorneys' fees and all costs, including appellate fees and costs, incurred in connection therewith as determined by the court in any such action. Plaintiff acknowledges the above provisions concerning attorneys' fees and costs and return of consideration are directly related to Plaintiff's breach of the terms of this Agreement and do not apply in the event of a non-breaching occurrence, such as Plaintiff's participation in any agency investigation under the conditions set forth in Paragraph 2(e) of this Agreement.

10. <u>No Waiver</u>. The failure of the Parties, or either of them, to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof, or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

11. <u>Severability.</u> The invalidity, illegality, or unenforceability of any provision of this Agreement will not affect any other provision of this Agreement, which shall remain in full force and effect. Nor will the invalidity, illegality or unenforceability of a portion of any provision of this Agreement affect the balance of such provision. In the event that any one or more of the provisions contained in this Agreement, or any portion thereof, is held to be invalid, illegal, or unenforceable in any respect, this Agreement shall be reformed, construed, and enforced as if such invalid, illegal, or unenforceable provision had never been contained herein.

12. <u>Entire Agreement</u>. This Agreement represents the entire understanding between the Parties hereto, and fully supersedes any and all prior agreements or understandings between them, whether written or oral. The Parties agree that, other than as provided in this Agreement, they have no further obligation of any kind to one another except as contained in this Agreement.

13. <u>Notices</u>. Notices under this Agreement to the Parties should be provided to the following addresses:

    (a) To Plaintiff: Gregory, N. Filosa, Esq.
Filosa Law Firm, PLLC
111 John Street, Suite 2510
New York, NY 10038

    (b) To Defendant: Jeffrey Kimmel, Esq.
Racquel Crespi Weintraub, Esq.
Meister Seelig & Fein LLP
125 Park Avenue, 7th Floor
New York, NY 10017

14. <u>Counterparts</u>. This Agreement may be executed in more than one counterpart, each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument.

15. <u>Effective Date</u>. This Agreement shall become effective and enforceable immediately upon the date that it is signed by the Parties. The parties intend for this Agreement to become fully effective and enforceable, and the parties and their attorneys will take all steps reasonably necessary to effectuate final approval of this Agreement.

16. <u>Miscellaneous.</u>

    (a) The language of all parts in this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

    (b) The headings used herein are for reference only and shall not affect the construction of this Agreement.

17. <u>Choice of Law; Enforcement</u>. This Agreement shall be governed, construed, and enforced in accordance with the laws of the State of New York, without regard to its principles of conflicts of law. The Parties have agreed that the Hon. Laura Taylor Swain, United States District Judge for the Southern District of New York, shall retain jurisdiction of this matter for purposes enforcing this Agreement.

18. <u>Good Faith Compliance</u>. The Parties agree to cooperate in good faith and to do all things necessary to effectuate this Agreement.

By signing this Agreement, the signatories hereunder agree to and acknowledge the following:

- They have carefully read this Agreement and fully understand what it means;

- The have been advised in writing to discuss this Agreement with an attorney signing it and have had an opportunity to discuss this Agreement with their attorney; and

- They have agreed to this Agreement knowingly and voluntarily, and were not subjected to any undue influence or duress, and they are competent to execute this Agreement.

**FOR PLAINTIFF**

Dated:   **October 6, 2017**        By: _____/s/_____
                                        Enam Ahmed

**FOR DAVID BOULEY LLC:**

Dated:   **October __, 2017**       By: _____

                                    Print Name: _____

**By signing this Agreement, the signatories hereunder agree to and acknowledge the following:**

- **They have carefully read this Agreement and fully understand what it means;**

- **The have been advised in writing to discuss this Agreement with an attorney before signing it and have had an opportunity to discuss this Agreement with their attorney; and**

- **They have agreed to this Agreement knowingly and voluntarily, and were not subjected to any undue influence or duress, and they are competent to execute this Agreement.**

**FOR PLAINTIFF**

Dated:  October __, 2017         By: _____
                                      Enam Ahmed

**FOR DAVID BOULEY LLC:**

Dated:  October 6, 2017          By: _/s/ David Bouley_____

                                 Print Name: _David Bouley_

[2414-19/5440067/1]                                              7